UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD J. HYLAND,
    Plaintiff,

v.

STEPHEN MCKUNES
JOSHUA GASTON,
    Defendants.

CIVIL ACTION NO. 21-11800-MPK[1]

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS (##24, 31)

KELLEY, U.S.M.J.

I. Background.

On November 5, 2021, Edward J. Hyland, pro se, filed a civil rights complaint naming Boston Police Officers Steven McKunes, Derek Jefferson, and Drew Pokrant as defendants. (#1.) Plaintiff's claims relate to an encounter outside of a café on November 3, 2018, captured, in part, on surveillance video. *Id*. at 6-9 (narrative, attached by plaintiff to original complaint).

After the encounter, plaintiff was charged in state court with disorderly conduct, assault and battery on Officers McKunes and Pokrant, assault and battery with a dangerous weapon on Officer Jefferson, wanton destruction of property, trespass, and threatening to commit a crime. (#1-3 at 1-3) (copy of complaint from state criminal case, attached by plaintiff to original complaint). The state criminal case is open.[2]

---

[1] The parties have consented to a United States Magistrate Judge conducting all proceedings in this case, including bench or jury trial and the entry of final judgment, pursuant to 28 U.S.C. § 636(c). (##33, 34.)

[2] Copies of the docket sheet from the state criminal case in the record are current to June 14, 2022. (##24-2, 31-1) (attached by defense counsel). This court has independently confirmed that the state criminal case is still open.

Plaintiff did not file proof of service of the original complaint and summonses. The court ordered him to do so or show cause why the action should not be dismissed without prejudice for the failure to timely complete service. (#7.) Plaintiff moved for an extension of time. (#8.) The court denied the motion but gave him a "final opportunity" to show cause. (#9.)

On March 29, 2022, plaintiff again moved for an extension of time. (#10). He also filed an amended complaint, *see* #11, naming Officer McKunes and another Boston Police Officer, Joshua Gaston, as defendants. *Id*. at 2. In the amended complaint, plaintiff seeks $5 million in damages for police brutality, police misconduct, excessive force, false arrest, and police retaliation, alleging that he suffered serious injury when he was "beat half to death" by Officers McKunes and Gaston. *Id*. at 3, 7, 9. He states that he is bringing a "civil law action" raising a federal question and that he will get a "civil rights" attorney. *Id*. at 3, 6, 9. Although he does not cite federal constitutional provisions or statutes, the court infers that his claims are for alleged Fourth Amendment violations brought under 42 U.S.C. § 1983.

The court accepted plaintiff's amended complaint as the operative complaint[3] and ordered him to file proof of service on Officers McKunes and Gaston, or proof that they waived service, by May 13, 2022. (#14.) The court provided explicit instructions for completing service. It added that it would not delay further Officer McKunes' and Officer Gaston's right to notice of the suit. *Id*.

The summons as to Officer McKunes was returned executed on May 16, 2022. (#17.) The return of service submission includes an invoice from the Suffolk County Sheriff's Department Civil Process Division. *Id.* at 2. It also includes a certification that a Deputy Sheriff, on May 11,

---

[3] In the amended, operative complaint, plaintiff does not name Officers Jefferson and Pokrant as defendants anymore, so they will be terminated.

2

2022, served, *inter alia*, the amended complaint and summons by delivery, in hand, to Detective Richard Whalen, "agent and person in charge at the time of service," at Boston Police District A-1, 40 Sudbury Street. *Id*. at 4.

On May 23, 2022, the summons as to Officer Gaston was returned unexecuted, presumably because he no longer works for the Boston Police. (#18 at 1.)

Defense counsel entered an appearance for Officer McKunes and sought and obtained an extension of time to respond to plaintiff's amended complaint. (##19-21.)

Because plaintiff should have been given 90 days to complete service on Officer Gaston, the court, sua sponte, extended the time, until July 5, 2022. (#22.) The summons as to Officer Gaston was then returned executed. (#23.) The return of service submission includes an invoice from the Suffolk County Sheriff's Department Civil Process Division. *Id*. at 3. It also includes a certification that another Deputy Sheriff, on June 16, 2022, served, *inter alia*, the amended complaint and summons by delivery, in hand, to Captain Patrick Slattery, "an agent and person in charge at the time of service," at Boston Fire Department Headquarters, 115 Southhampton Street. *Id*. at 2.

On July 1, 2022, Officer McKunes filed a motion to dismiss plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(5), Officer McKunes argues that the court lacks personal jurisdiction over him because he was not properly served. Under Rule 12(b)(6), Officer McKunes argues that plaintiff fails to state plausible claims because his allegations are contradicted by the surveillance video.[4] Officer McKunes also argues that he is entitled to qualified immunity. (#24.)

---

[4] Plaintiff and defense counsel have submitted copies of the surveillance video to the court. (##28-29.)

3

In support of his Rule 12(b)(5) argument, Officer McKunes has submitted an affidavit. (#24-1.) He attests that he has not been served in person or at home; that he does not live at 40 Sudbury Street, which is a police station; and that he has not authorized any person to accept service of process on his behalf or to otherwise act as his agent for these purposes. *Id.*

Defense counsel entered an appearance for Officer Gaston and sought and obtained an extension of time to respond to plaintiff's amended complaint. (##25-27.)

On August 1, 2022, Officer Gaston filed a motion to dismiss plaintiff's amended complaint, raising the same arguments as Officer McKunes. (#31.) In support of his Rule 12(b)(5) argument, Officer Gaston has submitted an affidavit. (#31-2.) He attests that he has not been personally served; that he does not live at 115 Southhampton Street, which is a fire department headquarters; and that he has not authorized any person to accept service of process on his behalf or to otherwise act as his agent for these purposes. *Id.*

Plaintiff has filed two documents that the court will construe as oppositions to defendants' motions to dismiss. In the first, he addresses the underlying incident. (#30.) In the second, he addresses qualified immunity. (#35.) He does not address defendants' Rule 12(b)(5) arguments.

## II. <u>Relevant Law</u>.

Rule 4 of the Federal Rules of Civil Procedure governs service of process. A plaintiff is responsible for having the complaint and summonses served on all defendants within the time allowed and must provide the necessary copies of the complaint and summonses to the person who completes service. Fed. R. Civ. P. 4(c)(1). Any person who is at least 18 years old and not a party to the case may complete service. Fed. R. Civ. P. 4(c)(2).

Fed. R. Civ. P. 4(e) identifies the acceptable methods of completing service on individual defendants, like Officers McKunes and Gaston: (1) under Fed. R. Civ. P. 4(e)(1), by following the

state law for completing service in actions brought in the courts of general jurisdiction in the state where the federal district court is located or where service is made; (2) under Fed. R. Civ. P. 4(e)(2)(A), by delivering a copy of the complaint and summons to a defendant personally; (3) under Fed. R. Civ. P. 4(e)(2)(B), by leaving a copy of the complaint and summons at a defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or, (4) under Fed. R. Civ. P. 4(e)(2)(C), by delivering a copy of the complaint and summons to an agent authorized by appointment or by law to receive process. *See Jiang v. Tokyo II Steak House, Inc.*, --- F. Supp. 3d ---, #21-cv-11732-FDS, 2022 WL 2905357, at *3 (D. Mass. July 22, 2022).

The Massachusetts rule for completing service on individual defendants is similar to Fed. R. Civ. P. 4(e)(2)(A)-(C). The acceptable methods are: (1) by delivering a copy of the complaint and summons to a defendant personally; (2) by leaving a copy of the complaint and summons at a defendant's last and usual place of abode; and (3) by delivering a copy of the complaint and summons to an agent authorized by appointment or statute to receive process, provided that further notice required by the statute be given. Mass. R. Civ. P. 4(d)(1). A difference is that, in contrast to Fed. R. Civ. P. 4(e)(2)(B), under the Massachusetts rule, a copy of the complaint and summons may be left at a defendant's last and usual place of abode without requiring that they be left with a resident of suitable age and discretion. *See Jiang*, 2022 WL 2905357, at *5 n. 8.

Before the federal district court may exercise personal jurisdiction over a defendant, the plaintiff must satisfy the procedural requirement of service of process. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see Jiang*, 2022 WL 2905357, at *3. Where a defendant challenges its sufficiency under Fed. R. Civ. P. 12(b)(5), the plaintiff bears the burden of proving proper service. *Jiang*, 2022 WL 2905357, at *3 (citation omitted); *see Blair v. City of Worcester*, 522 F.3d 105, 112 (1st Cir. 2008). A return of service is generally *prima facie* evidence

of proper service; however, a defendant may present evidence to rebut the presumption. *Id.* (citing

*Blair*, 522 F.3d at 111-112). An affidavit submitted by a defendant denying agency or otherwise

denying proper service may be sufficient to rebut the presumption of proper service. *Id.* (citing

*Blair*, 522 F.3d at 112).

III. <u>Discussion</u>.

Officer McKunes' affidavit and the return of service submission show that the amended

complaint and summons as to him were delivered to a police station. *See* #24-1 (affidavit); *see*

*also* #17 at 2 (invoice); *id.* at 4 (certification). Officer Gaston's affidavit and the return of service

submission show that the amended complaint and summons as to him were delivered to a fire

department headquarters. *See* #31-2 (affidavit); *see also* #23 at 2 (certification); *id.* at 3 (invoice).

Leaving process at a defendant's place of employment[5] is not sufficient unless the person who

accepts process is authorized to do so on the defendant's behalf; this rule is no different in the

context of serving police officers. *Darby v. Lelling*, #20-cv-11115-DJC, 2022 WL 220313, *4 (D.

Mass. Jan. 25, 2022) (citing *Foley v. Walsh*, 600 N.E.2d 611, 612 & n. 1 (Mass. App. Ct. 1992)

(rescript)).

The first Deputy Sheriff referred to the person to whom the McKunes amended complaint

and summons were delivered as "agent and person in charge at the time of service" (#17 at 4), and

the second Deputy Sheriff also referred to the person to whom the Gaston amended complaint and

summons were delivered as "an agent and person in charge at the time of service." (#23 at 2.)

However, defendants deny authorizing any person to accept process on their behalf or to otherwise

act as their agents for these purposes. (##24-1, 31-2.) One assumes that the people who accepted

---

[5] The court infers that Officer McKunes is still employed by the Boston Police Department and
presumes that Officer Gaston is now employed by the Boston Fire Department.

service for defendants thought they were authorized to do so. It would make sense that in a case such as this one, where plaintiff alleges that two law enforcement officers brutally beat him, the officers would choose service at their places of employment, or now that they are on notice of the suit and have counsel, would authorize their counsel to accept service, rather than forcing plaintiff to locate their homes and have a process server show up there to serve them or to locate them elsewhere. Nevertheless, it appears that defendants want to be served at home or personally. As plaintiff has not addressed defendants' Rule 12(b)(5) arguments and presents no contrary evidence of agency, he has not met his burden of proving that service was proper under Fed. R. Civ. P. 4(e).

If a defendant is not served 90 days after the complaint is filed, the court must dismiss the action without prejudice as to that defendant or order that service be completed within a specified period. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for the failure to timely complete service, the court must extend the time. *Id*. Absent a showing of good cause, the court has discretion to extend the time. *See Morrissey v. Massachusetts*, #18-cv-11386-MBB, 2022 WL 1463051, at *8 (D. Mass. May 9, 2022) (citation omitted). In determining whether to exercise this discretion, this court will consider whether defendants received actual notice of the suit; whether they would be prejudiced by an extension; and, whether plaintiff would be severely prejudiced by dismissal. *See id*. at *9 (citation omitted).

"[I]t is the practice of this Court to grant some latitude to pro se plaintiffs who make procedural missteps." *Morales v. Spencer*, #13-cv-12423-FDS, 2014 WL 2003039, at *2 (D. Mass. May 14, 2014). The court agrees with defendants, *see* #24 at 11-12; #31 at 11-12, that it has granted more than "some" latitude to this pro se plaintiff previously, but disagrees that dismissal without prejudice at this time would be just.

Although he has not shown good cause, plaintiff has been consistently responsive to the court's orders, including by moving for extensions of time. *See* ##5-6 (redacted complaint as requested); ##7-8 (first motion for extension following first show cause order);[6] ##9-11 (second motion for extension and amended complaint following second show cause order); ##14-18 (after acceptance of amended complaint, summonses returned executed as to McKunes and unexecuted as to Gaston); ##22-23 (summons returned executed as to Gaston following sua sponte extension).

Further, this is not a case in which no effort to complete service has been made. Plaintiff has made an entirely reasonable effort: he directed the Suffolk County Sheriff's Department Civil Process Division to defendants' places of employment.

Defendants have actual notice of the suit now, as evidenced by their motions to dismiss. While defense counsel suggests defendants will suffer prejudice from another extension of time, defendants have not shown it.[7] Their affidavits, for example, do not allege an inability to recall events or to otherwise mount a defense to plaintiff's allegations. *See Morrissey*, 2022 WL 1463051, at *9 (noting this omission).

---

[6] Although docketed two days before the expiration of the court's deadline, this motion is dated just one day after the court's order. *See* ##7, 8.

[7] Defendants assert that they have been prejudiced by plaintiff's delay in bringing this action, but also acknowledge that he did so "narrowly" within the applicable statute of limitations, given the Massachusetts Supreme Judicial Court's COVID-related orders tolling all civil statutes of limitations, from March 17, 2020, to June 30, 2020. *See* #24 at 12 & n. 31; #31 at 12 n. 33; *see also Silva v. City of New Bedford*, #20-11866-WGY, 2022 WL 1473727, at *4-5, 10 (D. Mass. May 10, 2022) (three-year statute of limitations; concluding, as a matter of first impression, that these tolling orders applied to § 1983 action). This argument cuts against dismissal without prejudice. *See generally Geico Gen. Ins. Co. v. Fed. Bur. Invest.*, #20-cv-11811-RWZ, 2021 WL 5049275, at *1 (D. Mass. Oct. 27, 2021) ("The court has discretion to extend the time for service where the statute of limitations would prejudice the plaintiff's ability to file a new complaint") (citations omitted).

Moreover, defendants have mounted a defense. They argue that the surveillance video proves plaintiff's allegations to be wrong or false, warranting dismissal under Fed. R. Civ. P. 12(b)(6). *See* #24 at 12-14; #31 at 12-14.[8]

Finally, defendants do not address potential overlap between this § 1983 action, ostensibly based on the November 3, 2018 encounter, and plaintiff's still-pending state criminal charges, brought in the wake of that encounter. It is well-settled that

> [i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-394 (2007) (citing, *inter alia*, *Heck*, 512 U.S. at 487-488 n. 8 ("abstention may be an appropriate response to the parallel state-court proceedings")); *see generally Younger v. Harris*, 401 U.S. 37 (1971); *see also O'Brien v. Town of Bellingham*, 943 F.3d 514, 528-530 (1st Cir. 2019) (whether *Heck* bars § 1983 claims is a jurisdictional question; "A plaintiff's excessive force claim and his conviction may be so interrelated factually as to bar the § 1983 claim. . . . [T]o determine *Heck*'s applicability, a court must examine the relationship between the § 1983 claim and the conviction, including asking whether the plaintiff could prevail only by negating an element of the offense of which he was convicted") (citations and punctuation omitted); *Thore v. Howe*, 466 F.3d 173, 180 (1st Cir. 2006) ("Just as it is true that a § 1983 excessive force claim after an assault conviction is not necessarily barred by *Heck,* it is also

---

[8] The court expresses no view on the merits of this defense.

true that it is not necessarily free from *Heck*"); *see*, *e.g.*, *Crooker v. Burns*, 544 F. Supp. 2d 59, 65 (D. Mass. 2008) (ordering stay).

IV. <u>Conclusion</u>.

The court denies defendants' motions to dismiss (##24, 31) without prejudice.

Plaintiff has **until December 15, 2022** to file either (1) proof that the amended complaint and summonses were served on Officers McKunes and Gaston in compliance with Fed. R. Civ. P. 4(e); or, (2) proof that Officers McKunes and Gaston have waived service.

**No later than December 29, 2022**, defendants may renew their arguments under Fed. R. Civ. P. 12(b)(5), if appropriate. If defendants also seek to renew their arguments under Fed. R. Civ. P. 12(b)(6), they must address the issue of potential overlap between plaintiff's § 1983 claims and his ongoing state criminal case.

Plaintiff has **until January 12, 2023** to file any opposition to defendants' renewed motions to dismiss.

November 18, 2022                                   /s/ M. Page Kelley
                                                    M. Page Kelley
                                                    Chief United States Magistrate Judge